**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Joseph G. Rodojev, | ) | CASE NO. 5:15 CV 1737 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Menard's Inc., et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon defendants' Motion to Compel Arbitration (Doc. 6) and plaintiff's Motion to Dismiss Defendants' Motion to Compel Arbitration (Doc. 7). For the following reasons, defendants' motion is GRANTED and plaintiff's motion is DENIED.

**Facts**

Plaintiff Joseph Rodojev filed this *pro se* Complaint against defendants Menard's, Inc., John Menard, John Menard, Jr., and Scott Collette. The Complaint alleges that plaintiff was employed by Menard's Inc. until his termination on March 14, 2015. Plaintiff asserts that his termination violated Title VII, the Americans with Disabilities Act (ADA), and the Age

1

Discrimination in Employment Act (ADEA), and constituted harassment and wrongful termination.

Defendants seek dismissal on the basis that plaintiff must be compelled to submit his dispute to arbitration.

**Discussion**

Upon entering into his employment with Menard's, Inc., plaintiff signed an Employee Agreement which states in pertinent part:

> **Remedy**. I agree that all problems, claims, and disputes experienced within my work area shall first be resolved as outlined in the Team Member Relations section of the Grow With Menards Team Member Information Booklet with I have received. If I am unable to resolve the dispute by these means, I agree to submit to final and binding arbitration. **Arbitration shall be the sole and exclusive forum and remedy for all covered disputes of either Menard, INC or me.** Unless Menard and I agree otherwise, any arbitration proceedings will take place in the county of my Menard's employment where the dispute arose. Problems, claims, or disputes subject to binding arbitration include, but are not limited to: statutory claims under 42 U.S.C. §§ 1981-1988, Age Discrimination in Employment Act of 1967, Older Workers' Benefit Protection Act ("OWBPA"); Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, Americans with Disabilities Act; Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"); Family Medical Leave Act, and non-statutory claims such as contractual claims, quasicontractual claims, tort claims, and any and all causes of action arising under state or common law.

(Doc. 6 Ex. A)

Defendants have demonstrated in their motion that the agreement to arbitrate is valid and enforceable, and that plaintiff's claims fall within the scope of the arbitration agreement. Defendants' reasoning is incorporated herein by reference. In response, plaintiff argues that the agreement is void and invalid because it governs only disputes between existing employees and Menard's, Inc., and not those who have been terminated. The Court finds plaintiff's assertions

2

to be unpersuasive.  The arbitration agreement provides that arbitration "shall be the sole and exclusive forum and remedy for all covered disputes" between plaintiff and Menard's Inc. The agreement expressly provides that claims and disputes subject to binding arbitration include Title VII, ADA, and ADEA claims, as well as tort claims.

Accordingly, this matter is dismissed as plaintiff's claims are subject to arbitration as provided in the agreement.

**Conclusion**

For the foregoing reasons, defendants' Motion to Compel Arbitration is granted and plaintiff's Motion to Dismiss Defendants' Motion to Compel Arbitration is denied.

IT IS SO ORDERED.

                                         /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Judge

Dated: 10/20/15